IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHAWN LOWRY,

    Petitioner,

v.	CASE NO. 4:15-cv-267-WS-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in custody of the Florida Department of Corrections currently confined at Treasure Coast Forensic Treatment Center, initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The Court issued an Order to Show Cause to allow Petitioner to explain why his Petition should not be dismissed for failure to exhaust administrative remedies. (Doc. 3.) Petitioner has filed no response to the Order, and the time for responding has now passed. For the following reasons, the undersigned recommends that the petition be dismissed.

Petitioner's claims stem from his conviction for aggravated battery with great bodily harm, for which he received a thirty month sentence. In the instant petition, Petitioner contends that his counsel knew that he had not been evaluated for competency prior to his plea and that counsel knew that aggravated battery with great bodily harm was not a lesser included offense. (Doc. 1 at 4-15.) He requests that his judgment and sentence be vacated and that he be found not guilty by reason of

insanity, or alternatively have an evidentiary hearing held to establish his claims. *Id.* Petitioner asserts that he filed a motion for post conviction relief and an amended motion for post conviction relief in September of 2014 , which are still pending in state court. (Doc. 1.)

Federal habeas relief may not be granted unless a Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process.").

It is clear that Petitioner has not invoked available state court remedies in Florida, as he acknowledges in his petition that he has two motions for post conviction relief pending in state court. The Petitioner acknowledges that his post conviction motions challenge the same conviction that Petitioner challenges here, his 2014 conviction for aggravated battery with great bodily harm. Petitioner has not exhausted his state remedies, and the petition does not present any "circumstances . . . that render such process ineffective to protect the rights of the applicant."

Accordingly, it is respectfully **RECOMMENDED** that Petitioner's petition for writ

of habeas corpus, Doc. 1, be **DISMISSED** without prejudice for failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this 9th day of July 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.